# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY,<br><br>                          Plaintiff,<br>  vs.<br>SHERVIN ERFANI, DMD,<br><br>                         Defendant. | CASE NO. 09CV2833 DMS (CAB)<br><br>**ORDER DENYING MOTION TO INTERVENE AS DEFENDANTS** |

      Pending before the Court is the motion by Scott Castillo and others (collectively, "the Castillo Interveners") to intervene as a matter of right in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. For the following reasons, the Castillo Interveners' motion to intervene as defendants is denied.

## I.

## BACKGROUND

      This action arises from a professional liability insurance policy issued by Plaintiff to Defendant. On December 17, 2009, Plaintiff filed a Complaint seeking declaratory relief regarding its right to rescind the insurance policy on the basis that Defendant concealed the existence of legal claims against him in his procurement of the policy. (Doc. 1.) On April 19, 2010, Plaintiff filed a Notice indicating Defendant had filed for Chapter 7 bankruptcy on March 18, 2010. (Doc. 3.) The Bankruptcy Court subsequently granted Plaintiff's motion for relief from the automatic bankruptcy

stay so that this litigation may proceed.  (Doc. 4.)  On September 1, 2010, the Castillo Interveners moved to intervene as a matter of right in this action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.  (Doc. 14.)  Plaintiff filed an opposition to the motion and the Castillo Interveners filed a reply.  (Docs. 17, 19.)

## II.

## DISCUSSION

Federal Rule of Civil Procedure 24(a) provides that, on a timely motion, "the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Courts have held that a person seeking intervention pursuant to Rule 24(a)(2) is required to demonstrate "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).  Because the Court finds that the Castillo Interveners have failed to establish they have a significant protectable interest relating to the property that is the subject of the instant litigation, it does not address the remaining factors.

"An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *Alisal*, 370 F.3d at 919.  However, "[i]n general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene.  Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene . . . ." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 221 (3d Cir. 2005) (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)).  To support a right to intervene, "an economic interest must be concrete and related to the underlying subject matter of the action." *Alisal*, 370 F.3d at 919, 920 n.3 ("A mere interest in property that may be

impacted by litigation is not a passport to participate in the litigation itself.").

Here, the Castillo Interveners claim they are entitled to intervene because they "are Plaintiffs in underlying Civil Litigation against the Defendant for which coverage under Plaintiff's insurance policy may apply. If coverage is established under the policy, and liability and damages are established in the Interveners' underlying lawsuits, then the very funds put into issue in this case by the Plaintiff would be owed and payable to the Interveners." (Mot. to Intervene at 2.) The Castillo Interveners have merely established that the outcome of the instant action may affect their potential future rights to collect damages in their underlying suits. Such an interest is not sufficiently concrete or related to the underlying subject matter of this action to constitute a significant protectable interest relating to the property at issue here. The one case cited by the Castillo Interveners in support of their motion, *Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991), does not suggest otherwise. In *Teague*, as was the case in *Liberty*, "there were additional facts supporting intervention . . . which are not present here. The proposed interveners in *Teague* had already obtained a judgment against the insured in the separate action." *Liberty*, 419 F.3d at 223.

### III.
### CONCLUSION

For the foregoing reasons, the Castillo Interveners' motion to intervene as defendants is denied.

**IT IS SO ORDERED.**

DATED: November 5, 2010

_____
HON. DANA M. SABRAW
United States District Judge