# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THE MEDICAL PROTECTIVE COMPANY,<br><br>              Plaintiff,<br><br>    vs.<br><br>SHERVIN ERFANI, DMD,<br><br>              Defendant. | CASE NO. 09cv2833 DMS (CAB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR DEFAULT JUDGMENT AND ITS MOTION FOR RECONSIDERATION** |
|---|---|

In this action by an insurance company for rescission of an extension contract to a professional liability policy, Plaintiff's motion for summary judgment was denied by order filed September 8, 2011. Plaintiff The Medical Protective Company ("MPC") filed an ex parte application for entry of default judgment and a motion for reconsideration of the September 8, 2011 order. MPC requests either default judgment against Defendant or amendment of the September 8, 2011 order so as to grant its summary judgment motion and rescind the extension contract *ab initio*. The insured, Defendant Shervin Erfani, DMD, proceeding *pro se*, did not file an opposition. American Insurance Company ("American"), which is seeking equitable contribution from MPC in a related case, filed a request to consider its *amicus curiae* brief in opposition to MPC's ex parte application and motion for reconsideration, together with a request for judicial notice of filings in the related case. American's request for consideration of its *amicus* brief is denied, and its request for judicial notice is granted.

/ / / / /

1  For the reasons which follow, MPC's ex parte application for a default judgment and its motion for
2  reconsideration are **DENIED**.

3  MPC's ex parte application pursuant to Federal Rule of Civil Procedure 55(b)(2) is based on
4  Dr. Erfani's failure to respond to MPC's first amended complaint and the evidence preclusion
5  discovery sanctions which were ordered against him. Neither is a sufficient ground for a default
6  judgment against him.

7  Dr. Erfani filed an answer to MPC's initial complaint, but not to the amended complaint. The
8  amended complaint narrowed the scope of the rescission claim initially asserted by MPC. (Decl. of
9  Alan H. Lazar filed Jul. 29, 2011 at 5-6.) Accordingly, the Court declines to issue a default judgment
10 based on Dr. Erfani's failure to respond to the amended complaint. *See Wash. Nat. Ins. Co. v.*
11 *Hendricks*, 855 F. Supp. 1542, 1549 (W.D. Wis. 1994) (default judgment based on failure to respond
12 to amended complaint denied).

13 Because Dr. Erfani has not actively participated in this case and has not appeared for his
14 deposition, evidence preclusion sanctions were ordered against him. (*See* Order Granting Plaintiff's
15 Request for Discovery Sanctions filed Jun. 7, 2011; Recommendation Regarding Pl.'s Mot. for an
16 Order Extending the Evidence Preclusion Discovery Sanctions to the First Am. Compl. field Aug. 8,
17 2011 & Order Adopting Recommendation Regarding Pl.'s Mot. for an Order Extending the Evidence
18 Preclusion Discovery Sanctions to the First Am. Compl. field Aug. 9, 2011.) None of the applicable
19 orders provided notice to Dr. Erfani that a default judgment would be issued against him for his failure
20 to appear for his deposition. MPC has not followed the procedures required for default judgment as
21 a sanction pursuant to Rules 37 and 41(b). Accordingly, the evidence preclusion discovery sanctions
22 are an insufficient ground for a default judgment.

23 To the extent MPC moves for reconsideration of the September 8, 2011 order pursuant to
24 Rules 59(e) and 60, it has not met the standard applicable under either rule. Rule 59(e) provides for
25 motions to alter or amend a judgment. No judgment has been entered in this case. With respect to
26 Rule 60(b), MPC has not identified which one of the six permissible grounds for reconsideration is
27 the basis for its motion. To the extent MPC proceeds under the catch-all provision of Rule 60(b)(6),
28 *see Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004), relief is available if the party

demonstrates "extraordinary circumstances," *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). MPC has not demonstrated extraordinary circumstances. To the contrary, the basis for its motion is disagreement with the Court's order. However, the Court has discretion under Rule 54(b) to consider MPC's motion for reconsideration. *See* Fed. R. Civ. Proc. 54(b) (court may revise its order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

MPC contends summary judgment should be entered in its favor, rescinding the extension contract *ab initio*. In the September 8, 2011 Order, the Court found MPC failed to meet its burden as a plaintiff moving for summary judgment on its own claim. *See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (requiring evidence which would entitle the moving party to a directed verdict if it went uncontroverted at trial). MPC's motion for reconsideration does not present grounds to change this conclusion. However, the Court clarifies the September 8, 2011 order herein as follows: there are genuine issues of material fact (1) whether Dr. Erfani's misrepresentations were material in light of the guarantee in MPC's policy to offer an extension contract; and (2) whether MPC complied with its contractual obligation to offer an extension contract to Dr. Erfani.

Based on the foregoing, MPC's ex parte application for default judgment and motion for reconsideration are **DENIED**.

**IT IS SO ORDERED.**

DATED: December 5, 2011

HON. DANA M. SABRAW
United States District Judge