# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THE MEDICAL PROTECTIVE COMPANY,<br><br>          Plaintiff,<br><br>     vs.<br><br>SHERVIN ERFANI, DMD,<br><br>          Defendant. | CASE NO. 09cv2833 DMS (CAB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR DEFAULT JUDGMENT AND ITS MOTION FOR RECONSIDERATION** |
|---|---|

In this action by an insurance company for rescission of an extension contract to a professional liability policy, Plaintiff's motion for summary judgment was denied by order filed September 8, 2011. Plaintiff The Medical Protective Company ("MPC") filed an ex parte application for entry of default judgment and a motion for reconsideration of the September 8, 2011 order. MPC requests either default judgment against Defendant or amendment of the September 8, 2011 order so as to grant its summary judgment motion and rescind the extension contract *ab initio*. The insured, Defendant Shervin Erfani, DMD, proceeding *pro se*, did not file an opposition. American Insurance Company ("American"), which is seeking equitable contribution from MPC in a related case, filed a request to consider its *amicus curiae* brief in opposition to MPC's ex parte application and motion for reconsideration, together with a request for judicial notice of filings in the related case. American's request for consideration of its *amicus* brief is denied, and its request for judicial notice is granted.

/ / / / /

For the reasons which follow, MPC's ex parte application for a default judgment and its motion for reconsideration are **DENIED**.

MPC's ex parte application pursuant to Federal Rule of Civil Procedure 55(b)(2) is based on Dr. Erfani's failure to respond to MPC's first amended complaint and the evidence preclusion discovery sanctions which were ordered against him. Neither is a sufficient ground for a default judgment against him.

Dr. Erfani filed an answer to MPC's initial complaint, but not to the amended complaint. The amended complaint narrowed the scope of the rescission claim initially asserted by MPC. (Decl. of Alan H. Lazar filed Jul. 29, 2011 at 5-6.) Accordingly, the Court declines to issue a default judgment based on Dr. Erfani's failure to respond to the amended complaint. *See Wash. Nat. Ins. Co. v. Hendricks*, 855 F. Supp. 1542, 1549 (W.D. Wis. 1994) (default judgment based on failure to respond to amended complaint denied).

Because Dr. Erfani has not actively participated in this case and has not appeared for his deposition, evidence preclusion sanctions were ordered against him. (*See* Order Granting Plaintiff's Request for Discovery Sanctions filed Jun. 7, 2011; Recommendation Regarding Pl.'s Mot. for an Order Extending the Evidence Preclusion Discovery Sanctions to the First Am. Compl. field Aug. 8, 2011 & Order Adopting Recommendation Regarding Pl.'s Mot. for an Order Extending the Evidence Preclusion Discovery Sanctions to the First Am. Compl. field Aug. 9, 2011.) None of the applicable orders provided notice to Dr. Erfani that a default judgment would be issued against him for his failure to appear for his deposition. MPC has not followed the procedures required for default judgment as a sanction pursuant to Rules 37 and 41(b). Accordingly, the evidence preclusion discovery sanctions are an insufficient ground for a default judgment.

To the extent MPC moves for reconsideration of the September 8, 2011 order pursuant to Rules 59(e) and 60, it has not met the standard applicable under either rule. Rule 59(e) provides for motions to alter or amend a judgment. No judgment has been entered in this case. With respect to Rule 60(b), MPC has not identified which one of the six permissible grounds for reconsideration is the basis for its motion. To the extent MPC proceeds under the catch-all provision of Rule 60(b)(6), *see Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004), relief is available if the party

1  demonstrates "extraordinary circumstances," *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989).
2  MPC has not demonstrated extraordinary circumstances.  To the contrary, the basis for its motion is
3  disagreement with the Court's order.  However, the Court has discretion under Rule 54(b) to consider
4  MPC's motion for reconsideration.  *See* Fed. R. Civ. Proc. 54(b) (court may revise its order "at any
5  time before the entry of a judgment adjudicating all the claims and all the parties' rights and
6  liabilities.").

7  MPC contends summary judgment should be entered in its favor, rescinding the extension
8  contract *ab initio*.  In the September 8, 2011 Order, the Court found MPC failed to meet its burden as
9  a plaintiff moving for summary judgment on its own claim.  *See C.A.R. Transp. Brokerage Co., Inc.*
10 *v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (requiring evidence which would
11 entitle the moving party to a directed verdict if it went uncontroverted at trial).  MPC's motion for
12 reconsideration does not present grounds to change this conclusion.  However, the Court clarifies the
13 September 8, 2011 order herein as follows:  there are genuine issues of material fact (1) whether Dr.
14 Erfani's misrepresentations were material in light of the guarantee in MPC's policy to offer an
15 extension contract; and (2) whether MPC complied with its contractual obligation to offer an
16 extension contract to Dr. Erfani.

17 Based on the foregoing, MPC's ex parte application for default judgment and motion for
18 reconsideration are **DENIED**.

19 **IT IS SO ORDERED.**

21 DATED: December 5, 2011

_____
HON. DANA M. SABRAW
United States District Judge